UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LARA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARTIN BITER,<br><br>　　　　　Respondent. | Case No.: 1:15-cv-01615-LJO-JLT<br><br>ORDER DIRECTING THE CLERK OF COURT TO SUBSTITUTE MARTIN BITER AS NAMED RESPONDENT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 11)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

　　　　Petitioner claims that the trial court sentenced him improperly after he was convicted of being a felon in possession of a firearm. Petitioner claims that this offense is not a violent felony for purposes of California's "three strikes law. Respondent moves the Court to dismiss the petition, contending that it fails to raise a cognizable federal habeas claim. (Doc. 11). The Court agrees.

I.　　**DISCUSSION**

　　　　A.　Procedural Grounds for Motion to Dismiss

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

　　　　The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if

1

the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).

B. Failure To State A Cognizable Federal Habeas Claim.

Petitioner claims his sentence should be reduced based on the Three Strikes Reform Act of 2012. However, a writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir.1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir.1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir.1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62 (1991). In Estelle, the Supreme Court held, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67–68. The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, citing Lewis v. Jeffers, 497 U.S. 764 (1990), and Pulley v. Harris, 465 U.S. 37, 41 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

The Supreme Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." Estelle at 68. The Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," Id. at 73 and that "we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.'" Id. at 73. Habeas review does not lie in a claim that the state

court erroneously allowed or excluded particular evidence according to state evidentiary rules. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). The Supreme Court again emphasized, "'a mere error of state law ... is not a denial of due process.'" Rivera v. Illinois, 556 U.S. 148, (2009) (quoting Engle v. Isaac, 456 107, 121, n. 2 (1982)).

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law. See, e.g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir.1989). Thus, in Miller, the court refused to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements. Id. at 1118–19. The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law. Id. (quoting Middleton, 768 F.2d at 1085).

Petitioner was convicted of being a felon in possession of a firearm. The court treated the conviction as a third "strike" under the then-existing California sentencing law that provided for enhanced sentences for individuals who had previously committed two "serious" or "violent" felonies. (Doc. 1, p. 2). The trial court sentenced Petitioner to a term of 25-years-to-life. (Id.). In 2012, California amended the Three Strikes law to avoid such enhancements when the triggering third "strike" was neither serious nor violent. Petitioner contended in state court, as he does here, that the act of being a felon in possession of a firearm does not qualify as a serious or violent felony. He argues further that this crime is distinguishable from the situation where a felon uses or possesses a firearm in the commission of an offense, which *is* a qualifying conviction under the amended Three Strikes law.

In his direct appeal, the Fifth District Court of Appeal undertook a thorough and lengthy legal analysis of these distinctions before concluding that the language of the 2012 amendment included the situation in which Petitioner now finds himself. (LD 7). A careful review of that decision reveals only state law issues and does not suggest that the state court addressed any federal constitutional issues in reaching its decision. Whether a conviction properly constitutes a "serious" or "violent" felony, as that term is defined in California's amended Three Strikes Law, involves interpretation of state sentencing law. Federal courts are "bound by a state court's construction of its own penal statutes," Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir.1993). Thus, the Court must defer to the California courts'

1    interpretation of the California Three Strikes Law unless their interpretation is "untenable or amounts to
2    a subterfuge to avoid federal review of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d
3    1395, 1399 (9th Cir.1989.)
4         Here, the state court reasonably applied California law to conclude that Petitioner was not
5    entitled to the ameliorative effects of Proposition 36.  Because Petitioner was, under state law,
6    ineligible for resentencing, no further analysis by the state court was required.  Though Petitioner might
7    contend that due process or equal protection requires the retroactive application of state sentencing law
8    when it would benefit him.  However, no Supreme Court case stands for that proposition, and in fact,
9    Wainwright v. Stone, 414 U.S. 21, 23–24 (1973) stands for the opposite proposition that the
10   "Constitution 'has no voice on the subject,'" of the retroactive application of state law, including
11   judicial decisions. See Henry v. Ricks, 578 F.3d 134, 141 (2nd Cir.2009). See also Warden, Lewisburg
12   etc. v. Manero, 417 U.S. 653, 664 (1974) [finding that no constitutional limits were transgressed by
13   petitioner's non-eligibility for parole despite a later statute passed after petitioner's conviction which
14   allowed parole eligibility for defendants who had committed the offense for which petitioner was
15   convicted.]
16        Moreover, a litigant "cannot, merely by injecting a federal question into an action that asserts it
17   is plainly a state law claim, transform the action into one arising under federal law…" Caterpillar v.
18   Williams, 482 U.S. 386, 399 (1987); accord Poland v. Stewart, 169 F.3d 573, 584 (9th Cir.1999) ("A
19   petitioner may not 'transform a state law issue into a federal one merely by asserting'" a federal
20   constitutional violation (quoting Langford v. Day, 110 F.3d 1380, 1389 (1996)); Little v. Crawford, 449
21   F.3d 1075, 1083 n. 6 (9th Cir.2006) ("We cannot treat a mere error of state law, if one occurred, as a
22   denial of due process; otherwise, every erroneous decision by a state court on state law would come
23   here as a federal constitutional question."); see also Cooper v. Supreme Court of California, 2014 WL
24   198708, at *2 (C.D.Cal. Jan. 16, 2014) (rejecting as noncognizable petitioner's federal due process
25   challenge to state court's denial of his application for resentencing under the Three Strikes Reform Act);
26   Johnson v. Spearman, 2013 WL 3053043, at *2 (C.D.Cal. June 10, 2013) (same).
27        As the state court committed no sentencing error, and the sentence was not fundamentally
28   unfair, Petitioner's constitutional rights were not violated. Absent a cognizable federal habeas claim,

the petition is deficient and should be dismissed.

**ORDER**

The Court DIRECTS the Clerk of the Court to substitute the name of Martin Biter as Respondent in this action.

**RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that the motion to dismiss (Doc. 11), be **GRANTED** and the habeas corpus petition be **DISMISSED** for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and **filed within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 29, 2016**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE